Asset Forfeiture and Money Laundering Section (AFMLS)
MARY BUTLER
Chief, International Unit
WOO S. LEE
Deputy Chief, International Unit
KYLE R. FREENY
Trial Attorney
Criminal Division
United States Department of Justice
  1400 New York Avenue, N.W., 10th Floor
  Washington, D.C. 20530
  Telephone: (202) 514-1263
  Email: Woo.Lee@usdoj.gov

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
CHRISTEN A. SPROULE (CBN: 310120)
Assistant United States Attorneys
Asset Forfeiture Section
  312 North Spring Street, 14th Floor
  Los Angeles, California 90012
  Telephone: (213) 894-3391/(213) 894-4493
  Facsimile: (213) 894-7177
  E-mail: John.Kucera@usdoj.gov
         Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CV 16-5362 |
|---|---|
| Plaintiff, | NOTICE OF RELATED CASE PURSUANT TO LOCAL RULE 83-1.3.1 |
| v. | |
| "THE WOLF OF WALL STREET" MOTION PICTURE, INCLUDING ANY RIGHTS TO PROFITS, ROYALTIES AND DISTRIBUTION PROCEEDS OWED TO RED GRANITE PICTURES, INC. OR ITS AFFILIATES AND/OR | |

ASSIGNS

Defendants.

Pursuant to Local Rule 83-1.3.1.1, by this Notice of Related Case, notice is hereby given that the above-captioned case is one of several interrelated civil forfeiture complaints filed by the government, one of which relates to *Skyview Capital, LLC v. 1169 Hillcrest, LLC, et al.,* CV 15-2321-DSF-VBK, a case pending before this Court. As further described below, the basis of this Notice is that the pending case appears (a) to arise from the same or closely related transactions, happenings or events; (b) to call for determination of the same or substantially related or similar questions of law and fact; and (c) to entail substantial duplication of labor if heard by different judges.

Although this notice indicates that *Skyview Capital, LLC v. 1169 Hillcrest, LLC, et al.,* CV 15-2321-DSF-VBK relates to a case filed by the government, there are presently before this Court two pending cases that relate to one of the complaints the government has filed. Although both of the cases presently before the Court are inactive, the government asserts that the resolution of either or both of those cases will be impacted by the filing of one of the government's complaints. Specifically, both cases presently before the Court relate to a dispute regarding the same parcel of real property in Beverly Hills, California that one of the government's complaints alleges is subject to forfeiture to the United States.

In the first pending case, 15-cv-1899-DSF-VBK ("Case 1"), on March 13, 2015, plaintiff Palumbo Design, LLC ("plaintiff 1"), filed with this Court its Complaint alleging several civil causes of action against defendant 1169 Hillcrest, LLC and Mr. Neil Moffitt (an individual and the owner of 1169 Hillcrest LLC) (collectively, "defendant 1"). In general, the allegations arose from a dispute regarding the real property located at 1169 N. Hillcrest Road, Beverly Hills, California (the "subject

property"). Pursuant to the allegations in Case 1, plaintiff 1 recorded a lis pendens related to the subject property.

On June 16, 2015, plaintiff 1 filed with this Court a "First Amended Complaint," alleging substantially similar facts but amending the causes of action, and this Court set trial for September 13, 2016. Thereafter, on December 14, 2015, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the parties filed with this Court a "Stipulation of Dismissal With Prejudice." However, no order yet has been entered dismissing Case 1.

In the second pending case, 15-cv-2321-DSF-VBK ("Case 2"), on March 27, 2015, defendant 1169 Hillcrest, LLC ("defendant 2") filed a notice of removal, seeking to remove to the United States District Court for the Central District of California an action filed by Skyview Capital, LLC ("plaintiff 2") in the Superior Court of the State of California related to the subject property (Case 2, Doc #1). In its California State Court action, plaintiff 2 alleged several causes of action also related to a dispute regarding the subject property, and sought specific performance on an alleged purchase agreement for the sale of the subject property. On March 30, 2015, Case 2 was assigned to the Honorable Mariana R. Pfaelzer, United States District Judge (Case 2, Doc #4). On March 31, 2015, defendant 2 filed a "Notice of Related Case," seeking to transfer Case 2 to this Court (Case 2, Doc # 5). In its Notice, defendant 2 asserted that it would be a duplication of labor for two judges to decide issues affecting the subject property and also risk the possibility of different rulings. On April 2, 2015, pursuant to General Order 14-3, this Court consented to the transfer of Case 2 to its calendar (Case 2, Doc # 6).

On May 25, 2015, defendant 2 filed with this Court a "Motion for Relief from Lis Pendens," whereby defendant 2 sought to have removed the lis pendens recorded by plaintiff 1 and related to Case 1 (Case 1, Doc # 32). On June 15, 2015, plaintiff 1 filed with this Court a "Motion for Leave to Intervene," asserting that plaintiff 1's rights and interests would be affected by this Court's adjudication of the facts and issues in Case 2 (Case 2, Doc # 70). Also on June 15, 2015, in Case 2, plaintiff 2 filed a "Motion to

1   Compel Arbitration and Stay Action" (Case 2, Doc # 63).  On August 3, 2015, this Court
2   entered an order denying, without prejudice, plaintiff 2's Motion to Expunge Lis
3   Pendens, granting plaintiff 2's Motion to Compel Arbitration, and denying, without
4   prejudice, plaintiff 1's Motion to Intervene (Case 2, Doc # 93).
5          On February 5, 2016, plaintiff 2 and defendant 2 filed with this Court their Joint
6   Report of Status of Binding Arbitration (Case 2, Doc #103).  In their Joint Report, the
7   parties indicated that they were unable to reach settlement, and they anticipated a
8   conference and hearing to be set before the arbitrator on some yet to be determined date,
9   but within the year 2016.  The parties further indicated that they would file an additional
10  joint status report within 90 days following the date of the February 5, 2016, Joint
11  Report.  The docket in Case 2 reflects neither an additional joint report, nor any
12  subsequent entries at all.
13         Now, the government has filed several interrelated civil forfeiture complaints, one
14  of which relates to, and seeks to forfeit, the subject property.  The government's
15  complaint that relates to the subject property alleges that the subject property was
16  purchased with funds traceable to money laundering transactions and certain specified
17  unlawful activities that gave rise to those money laundering transactions.
18  ///
19  ///

Therefore, pursuant to Local Rule 83-1.3.1, this Notice of Related Case is based on this Court's pending adjudication of identical property to one of the government's complaints, as well as the fact that the government intends to provide notice of such complaint to each party involved in both Case 1 and Case 2. Further, based upon the complaint related to the subject property, the government will record a lis pendens in connection with this forfeiture action, and the disposition of the subject property effectively will be restrained pending the resolution of the government's forfeiture action.

Dated: July 20, 2016             Respectfully submitted,

M. KENDALL DAY, Chief
Asset Forfeiture and Money Laundering Section
United States Department Of Justice

EILEEN M. DECKER
United States Attorney


    /s/John J. Kucera
JOHN J. KUCERA
CHRISTEN A. SPROULE
Assistant United States Attorneys

WOO S. LEE
KYLE R. FREENY
Criminal Division
U.S. Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA